UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JANE N. SICURELLA,

        Plaintiff,

    v.                                                                                  17-CV-165
                                                                                        DECISION AND ORDER
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____

    The plaintiff, Jane N. Sicurella, is a prevailing party in this social security benefits action. Her counsel's motion for attorney's fees under 42 U.S.C. § 406(b)(1)(A) is now before this Court. Docket Item 19. The defendant does not oppose the motion but requests that "the Court determine the timeliness of [Sicurella]'s counsel's Section 406(b) Fee Petition as well as the reasonableness of the $14,731.65 Section 406(b) fee request." Docket Item 20 at 6.

## **TIMELINESS**

    Sicurella's Notice of Award was issued on February 23, 2020, and her counsel filed an application for attorney's fees eight days later. Docket Item 20 at 2. Thus, the request was timely filed. *See Sinkler v. Berryhill*, 932 F.3d 83, 87-88 (2d Cir. 2019) (holding that Section 406(b)(1)(A) motions must be filed within 14 days of the claimant receiving such notice); *see also* Fed. L. R. Civ. P. 5.5(g)(1) (allowing counsel 14 days plus three days' mailing time from the date the claimant receives the Notice of Award letter to file an application for fees under Section 406(b)).

## **REASONABLENESS OF THE REQUESTED FEES**

Section 406(b)(1)(A) provides:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Sicurella was awarded $ 58,926.60 in past-due benefits.  Docket Item 19-8 at 3. Her counsel seeks $14,731.65 in fees, which is 25% of the past-due benefits and is consistent with the contingent-fee agreement that provides for attorney's fees in the amount of 25% of any recovery.  *Id.* at 3-4.

Having reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  Moreover, there is no indication that this fee is a windfall.[1]  *Id.*  The $14,731.65 fee request therefore is granted under 42 U.S.C. § 406(b)(1)(A).

---

[1]  While the fee here constitutes an hourly rate of $476.75, *see* Docket Item 20 at 6—high by Western New York standards—the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here.  *See Gisbrecht*, 535 U.S. at 808 (noting that "a record of the hours spent representing the claimant" can be used by the court "as an aid to [its] assessment of the reasonableness of the fee yielded by the fee agreement").

By stipulation approved and ordered on September 3, 2019, this Court previously awarded Sicurella's counsel $6,000.00 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Docket Items 17, 18.  Because the fees granted above exceed the EAJA fees, her counsel must refund the EAJA fees to her.  See *Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

### **ORDER**

In light of the above,

IT IS HEREBY ORDERED that Sicurella's motion for attorney's fees under 42 U.S.C. § 406(b)(1)(A) in the amount of $14,731.65, Docket Item 19, is GRANTED; and it is further

ORDERED that counsel for Sicurella shall refund the $6,000.00 EAJA fees to Sicurella within 14 days of the entry date of this decision and order.

SO ORDERED.

Dated:   May 1, 2020
         Buffalo, New York

                                          */s/ Lawrence J. Vilardo*
                                          LAWRENCE J. VILARDO
                                          UNITED STATES DISTRICT JUDGE